**Carlos Humberto DIAZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70950.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 13, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Carlos Humberto Diaz, Eloy, AZ, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Hillel Smith Fax, Anthony W. Norwood, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

R.App. P. 34(a)(2).

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Carlos Humberto Diaz, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to remand and dismissing his appeal from an immigration judge's ("IJ") decision denying his applications for cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction to review Diaz's legal claims pursuant to 8 U.S.C. § 1252(a)(2)(D). We review de novo questions of law, *Cabrera–Alvarez v. Gonzales,* 423 F.3d 1006, 1009 (9th Cir. 2005), and we deny the petition for review.

Diaz's contention that the IJ erred in finding that his prior conviction was an aggravated felony is unavailing. In the final administrative decision, the agency did not hold that Diaz was convicted of an aggravated felony. Instead, the BIA affirmed the denial of cancellation of removal on the ground that Diaz had previously been granted relief under former 8 U.S.C. § 1182(c). *See* 8 U.S.C. § 1229b(c)(6).

Although Diaz contends that he is not waiving his applications for asylum, withholding of removal or CAT protection, he does not raise any issues or brief any arguments related to the agency's finding that he did not demonstrate a well-founded fear of persecution or a likelihood of torture. Accordingly, Diaz has waived review of these issues. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

** This disposition is not appropriate for publication and may not be cited to or by the

Diaz's remaining contentions lack merit.

We deny Diaz's motion to amend his petition for review based on extenuating circumstances. We cannot consider new evidence in a petition for review. *See* 8 U.S.C. § 1252.

**PETITION FOR REVIEW DENIED.**

courts of this circuit except as provided by 9th Cir. R. 36–3.